**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

NO. CAAP-12-0000204

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


LIN C. WATANABE, Claimant-Appellee, v.
FOODLAND SUPERMARKET, LTD., Employer-Appellant,
and FIRST INSURANCE COMPANY OF HAWAII, LTD.,
Insurance Carrier-Appellant


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2010-435(M); (7-10-45086 ))

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Ginoza, J.;
and Reifurth, J., dissenting)

This workers' compensation case arises out of a March 11, 2010 incident during which Claimant-Appellee Lin C. Watanabe (**Watanabe**) aggravated a pre-existing back injury while in the course of her employment as a stocking clerk at Foodland Supermarket in Kihei Town Center, Kihei, Hawaiʻi. Employer-Appellant Foodland Supermarket, Ltd. and Insurance Carrier-Appellant First Insurance Company of Hawaii, Ltd. (collectively, "**Foodland**") appeal from the February 16, 2012 Decision and Order of the Labor and Industrial Relations Appeals Board (**LIRAB**).

On appeal, Foodland challenges the LIRAB's Conclusion of Law (**COL**) 1, which states that:

> 1.    The Board concludes that [Foodland] may be liable for, and [Watanabe] entitled to, medical care, services and supplies after May 3, 2010.
>
> As the Board has previously stated in *Jochola v. Maui Economic Opportunity, Inc. et al.*[,] AB 2005-206(M) [(Haw. LIR App. Bd. Sept 25, 2008)]:

> The entitlement of an injured worker to receive medical care, services, and supplies as the nature of the injury requires for so long as reasonably needed is one of the core components of compensation. Simply because an injury returns to pre-work injury status does not necessarily mean that the duty to pay compensation ends. Absent a showing of an intervening or superseding event or cause (see, for example, *Diaz v. Oahu Sugar Co., Ltd.*, 77 Haw[aiʻi] 152 (1994)), fraud (*see* HRS § 386-98 (e)), or other appropriate terminating event, there is a likelihood that such obligation to provide medical care, services, and supplies will not terminate. No such terminating event has been shown in this case. However, a claimant's entitlement to such care, services, and supplies is dependent upon all other requirements of Chapter 386, HRS and the Hawaii Workers' Compensation Medical Fee Schedule being met, (*e.g.*, such care, services, and supplies, so long as reasonably needed and as the nature of the injury requires, and appropriately requested, reported, authorized, and billed).

> Accordingly, the Board concludes that [Watanabe]'s rights under Section 386-21, HRS, are not terminated. [Foodland] may be liable for, and [Watanabe] may be entitled to, medical care, services, and supplies after May 3, 2010, for her low back injury consistent with and subject to the foregoing.

Specifically, Foodland argues that the LIRAB erred by (1) relying on <u>Jochola v. Maui Econ. Opportunity, Inc.</u>, Case No. AB 2005-206(M) (7-03-00739) to conclude that an employer's obligation to provide medical care, services, and supplies will not terminate absent an intervening or superseding event, and (2) concluding that Foodland may be liable for, and Watanabe may be entitled to, medical care, services, and supplies after May 3, 2010 for the March 11, 2010 work injury.

Upon careful review of the records and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised,[1] we resolve Foodland's point of error as follows:

(1) Although Foodland challenges a single COL, COL 1 actually consists of two determinations: the conclusion that the principle articulated in <u>Jochola</u> is correct and the conclusion that when the principle is applied to the LIRAB's findings, Foodland may be liable for future medical care, supplies, and

---

[1]    Watanabe did not file an answering brief.

services.  The first determination is a conclusion of law, and "[p]ursuant to [Hawaii Revised Statutes (**HRS**)] § 91-14(g) [(2012)], an agency's conclusions of law are reviewed de novo." United Pub. Workers, AFSCME, Local 646, AFL-CIO v. Hanneman, 106 Hawaiʻi 359, 363, 105 P.3d 236, 240 (2005) (citations and internal quotation marks omitted).  The second is an application of the law to the facts and circumstances of this particular case and thus resolves a mixed question of fact and law.  In re Water Use Permit Applications, 94 Hawaiʻi 97, 119, 9 P.3d 409, 431 (2000).  Thus, it is reviewed under the clearly erroneous standard.  Id.

> [A] mixed determination of law and fact is clearly erroneous when (1) the record lacks substantial evidence to support the finding or determination, or (2) despite substantial evidence to support the finding or determination, the appellate court is left with the definite and firm conviction that a mistake has been made.

Id.

(1)(a) "Immediately after a work injury sustained by an employee and so long as reasonably needed the employer shall furnish to the employee all medical care, services, and supplies as the nature of the injury requires."  HRS § 386-21(a) (Supp. 2014).  The LIRAB erred insofar as it held that a superceding or intervening event is required before an employer's liability under HRS § 386-21 terminates.

Generally, when an agency interprets a statute that the agency is tasked with upholding, our review is generally deferential:

> Ordinarily, deference will be given to decisions of administrative agencies acting within the realm of their expertise.  The rule of judicial deference, however, does not apply when the agency's reading of the statute contravenes the legislature's manifest purpose. Consequently, we have not hesitated to reject an incorrect or unreasonable statutory construction advanced by the agency entrusted with the statute's implementation.

Coon v. City & Cnty. of Honolulu, 98 Hawaiʻi 233, 245, 47 P.3d 348, 360 (2002) (citations, internal quotation marks and brackets omitted).  Even under a deferential review, we conclude that the LIRAB's statutory interpretation is in error.

We first note that the principle expressed by the LIRAB has been disagreed with and narrowed by this court in a previous, albeit unpublished, decision.  In <u>Perkins v. Puna Plantation Haw., Ltd.</u>, No. CAAP-12-0000563, 2013 WL 5019431 at *3 (App. Sept. 13, 2013) (mem.), although we stated that "[e]ven if there is no present manifestation of symptoms, it may be possible to predict that a claimant will require medical treatment in the future as a result of a work injury[,]" we ultimately held that "even absent an intervening cause, fraud, or other terminating event, an award of future treatment cannot be affirmed without evidence in the record supporting a determination that future treatment will be 'reasonably needed' to relieve the claimant from the effects of the work injury."  <u>Id.</u> (citation omitted).

We conclude that there is no reason to depart from this holding.  HRS § 386-21(a) requires that the medical treatment be "reasonably needed . . . as the nature of the injury requires." "Therefore, an award of future treatment as part of the original claim cannot be affirmed without evidence in the record supporting a determination that future treatment will be 'reasonably needed' to relieve the claimant from the effects of the work injury."  <u>Kuaimoku v. State, Dept. of Educ.-Kauai</u>, No. CAAP-11-0000616, 2014 WL 2921835 at *2 (App. June 27, 2014) (sdo) (citation omitted), <u>cert. denied</u>, No. SCWC-11-0000616, 2014 WL 4811494 (Haw. Sept. 29, 2014).  Indeed, the holding of <u>Jochola</u> expresses that "a claimant's entitlement to such care . . . is dependent upon all other requirements of Chapter 386, HRS . . . (*e.g.*, such care, services, and supplies, **so long as reasonably needed and as the nature of the injury requires** . . . .)"  Case No. AB 2005-206(M) (7-03-00739) (emphasis added).  Although workers' compensation statutes are to be interpreted liberally (<u>see</u>, <u>e.g.</u>, <u>Flor v. Holguin</u>, 94 Hawaiʻi 70, 79, 9 P.3d 382, 391 (2000)), a test based solely on the existence of a "terminating event" might hold an employer liable for future medical care even if such medical care is no longer reasonably necessary to relieve the claimant from the effects of the work injury.  Thus, the express requirements of HRS § 386-21(a) would be violated.  While

a terminating event may provide compelling evidence that treatment is no longer reasonably necessary due to the subject work injury, it is not a prerequisite for the termination of liability.  See Perkins, 2013 WL 5019431 at *3.  We conclude that, whether future medical treatment is reasonably necessary to relieve the claimant from the effects of the work injury, is the proper test for determining the termination of an employer's liability under HRS § 386-21(a).[2]

(1)(b) Although we disagree with the Jochola opinion insofar as it requires a terminating event, we do not disagree with its determination that:  "[s]imply because an injury returns to pre-work injury status does not necessarily mean that the duty to pay compensation ends."  Case No. AB 2005-206(M) (7-03-00739).

In Alayon, we wrote:

> If the portion of an employee's injury and condition that is attributable to a work-related accident has been resolved and the employee has returned to his or her pre-work-accident condition, it is not clear why an employer would remain liable for future medical care.  The Board should clarify these matters when the case is remanded.

Id.  Moreover, in Perkins, we stated:  "Even if there is no present manifestation of symptoms, **it may be possible to predict** that a claimant will require medical treatment in the future as a result of a work injury."  2013 WL 5019431 at *3 (emphasis added).  This reasoning appears to be sound.  We do not foreclose the possibility of a case where an employee's injury returns to pre-work injury status but his or her doctors nonetheless conclude that medical care to alleviate the work injury is still reasonably necessary (perhaps to ensure that healing is sustained).  That case, however, is not before us.

(2) We need not remand this case to the LIRAB for a correct application of the "reasonably necessary" test.  The findings of the LIRAB and the record on appeal reveal a lack of substantial evidence that any future treatment for Watanabe's work injury was reasonably necessary.  In its finding of fact

---

[2]     In light of our conclusion, we need not address Foodland's remaining arguments regarding why the LIRAB's statutory interpretation was incorrect.

(**FOF**) 24, the LIRAB explicitly credited the opinions of Drs. Ronald H. Kienitz (**Dr. Kienitz**), Francis G. Brewer, and James F. Scoggin, III (**Dr. Scoggin**) that "Claimant's March 11, 2010 work injury resulted in a temporary aggravation of her chronic low back pain, which resolved by May 3, 2010." This unchallenged FOF is binding on the appellate court. Okada Trucking Co., Ltd. v. Bd. of Water Supply, 97 Hawaiʻi 450, 458, 40 P.3d 73, 81 (2002). There is no finding that any future treatment would be reasonably necessary for the March 11, 2010 work injury.

(2)(a)  If future treatment is necessitated at this point, the evidence reveals that it would be for the treatment of Watanabe's pre-existing, non-work related back problems (or some future injury or aggravation), which are not compensable. Davenport v. City and Cnty. of Honolulu, 100 Hawaiʻi 297, 306, 59 P.3d 932, 941 (App. 2001) (only injuries arising out of and in the course of employment are compensable under HRS § 386-3(a)). For example, in Dr. Kienitz's September 1, 2010 report, he indicates that "[a]lthough [Watanabe] will likely continue to exhibit pain complaints, it is medically likely that she has returned to status quo ante. Further complaints should no longer be associated with the minor interim event of 03/11/10." Likewise, Dr. Scoggin's June 8, 2010 report stated that "[t]he prognosis is good for the 3/11/10 lumbrosacral strain since, to a reasonable degree of medical probability, [Watanabe] has returned to her baseline. The prognosis is extremely poor overall, given her chronic history of low back pain."

(2)(b) The LIRAB's COL 1 is not rectified merely because it makes no "award" of future treatment but rather, held that Watanabe's rights under HRS § 386-21 are not terminated and Foodland may be liable for costs associated with the work injury after May 3, 2010. As indicated, there is insufficient evidence in the record to support a conclusion that Watanabe is entitled to *any* future treatments for her March 11, 2010 injury. As such, there is no basis to conclude that Foodland's obligations under HRS § 386-21 have not been terminated.

This case is thus analogous to Perkins where there was no evidence in the record that future treatment for the claimant's back injury was "reasonably needed," the LIRAB had made no findings of fact that specifically addressed the claimant's need for future treatment, and the LIRAB had credited a doctor's opinion that "the work injury resulted in a temporary aggravation of Claimant's pre-existing condition and the aggravation had resolved . . . ." 2013 WL 5019431 at *4. In that case, we concluded that the LIRAB was wrong in holding that "Claimant's rights under Section 386-21, HRS, are not terminated. Employer may be liable for, and Claimant may be entitled to [treatment] after May 3, 2010 [sic], for her [sic] low back injury[.]" Id. at *1, *4.

(2)(c) If, in the future, additional facts reveal that further treatment is "reasonably necessary" for Watanabe's March 11, 2010 injury, then Watanabe may apply to the director of the Department of Labor and Industrial Relations for a reopening of her claim and an award of compensation under HRS § 386-89(c) (1993)[3]. See Perkins, 2013 WL 5019431 at *3 ("[W]e note the statutes provide an appropriate procedure for injured workers if no present need for treatment exists but a need later appears: HRS § 386-89 (1993) allows a claimant to reopen a case within eight years after the last payment of compensation or the rejection of a claim.") (footnote omitted). However, a reopening would depend on facts not in the record before us.

(2)(d) Similarly, our decision does not preclude Watanabe from making a claim or obtaining an award if a future work-related incident exacerbates her pre-existing back injuries.

---

[3]     HRS § 386-89(c) reads, in relevant part:

On the application of any party in interest, supported by a showing of substantial evidence, on the ground of a change in or of a mistake in a determination of fact related to the physical condition of the injured employee, the director may, at any time prior to eight years after date of the last payment of compensation, whether or not a decision awarding compensation has been issued, or at any time prior to eight years after the rejection of a claim, review a compensation case and issue a decision which may award, terminate, continue, reinstate, increase, or decrease compensation.

Like the March 11, 2010 injury, any work-related aggravation of Watanabe's pre-existing conditions would be compensable. However, based on the facts before us, any such future aggravation would have no relation to the March 11, 2010 injury which by all indications has been resolved.

For the foregoing reasons, we reverse in part the LIRAB's February 16, 2012 Decision and Order to the extent that it concludes that Watanabe's rights to post-May 3, 2010 medical care, services and supplies for the March 11, 2010 aggravation of her pre-existing back injury are not terminated.

DATED: Honolulu, Hawaiʻi, June 12, 2015.

On the briefs:

Scott G. Leong                         Presiding Judge
Shawn L.M. Benton
(Leong Kunihiro Lezy &
 Benton)
for Employer-Appellant                 Associate Judge